22113

The STATE, Respondent, v. James Haskell SULLIVAN, Appellant.

(316 S. E. (2d) 404)

Supreme Court

*O. W. Bannister, Jr.,* of *Hill, Wyatt & Bannister,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock,* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. William T. Jones,* Greenwood, *for respondent.*

Heard April 2, 1984.

Decided May 23, 1984.

LITTLEJOHN, Chief Justice:

A jury convicted James Haskell Sullivan, Appellant, of forgery. Before the trial, Sullivan moved to suppress certain items of evidence seized by agents of the South Carolina Tax Commission (Commission) from his premises. The trial judge denied this motion. Sullivan has appealed alleging that the search warrant authorized a general search and, therefore, failed to meet state and federal constitutional requirements. We affirm.

From information supplied to it by H & R Block, an income tax returns agency, the Commission discovered that a number of tax returns had been altered to show higher deductions and different addresses of taxpayers from those returns initially prepared by H & R Block. One of those addresses was that of Sullivan, who also prepares tax returns. With the higher deductions, the taxpayers were entitled to a refund. Some of those refund checks were mailed to Sullivan's address.

From this information and affidavits from six taxpayers, agents for the Commission obtained a warrant to search Sullivan's home where he operated an office. The warrant authorized the agents to seize: (1) "copies of income tax returns and documents relating thereto" and (2) "books and records reflecting income and expenses relating to the preparation of income tax returns." The agents searched Sullivan's home and seized five file cabinets, three trash cans and their contents, and items from Sullivan's desk.

Sullivan contends that the trial judge erred by refusing to suppress this evidence because the description of the items to be seized was not sufficiently specific. Sullivan admits that probable cause existed but argues that it existed only for the agents to seize the books and records relating to the specific taxpayers who were interviewed or whose returns were exam-

ined. Because the search warrant did not limit the search to the books and records of those individuals, Sullivan argues that it was unconstitutionally vague.

The accompanying affidavit stated that over two hundred returns prepared by Sullivan, or under his supervision, contained addresses that were not those of the taxpayers. The warrant itself restricted the search to evidence having to do strictly with income tax returns and the preparation thereof.

The Fourth Amendment to the Constitution of the United States and the corresponding provision in the South Carolina Constitution prohibiting unreasonable searches are not to be construed too technically especially where business enterprises are concerned. Here, we have an individual operating "Sullivan's Tax Service." The business operation was from his home. There is no contention that any of the building used as a residence was searched. The affidavits presented to the magistrate stated: "A computer listing of 1981 state tax returns prepared by Sullivan or under his supervision and reflecting addresses on returns other than the taxpayers exceeds two hundred."

A search warrant too technical might require law enforcement officers to sift through the records for an extended period of time. There is no contention that the search was not reasonable. The sole contention is that the search was too broad. Rules relative to the search of an automobile are somewhat relaxed in contrast to the search of a home. By a similar token, in determining whether an office has been searched unreasonably depends upon the nature of business enterprise and the nature of the objects sought. Not all searches are prohibited; only those which are unreasonable are not permitted.

In the case of *United States v. Wuagneux*, 683 F. (2d) 1343 (11th Cir. 1982), the court made an observation relative to searches which has appeal and we think applicable here. It said:

> It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit.

We agree with the trial judge who obviously thought that the search which took place in Sullivan's office was reasonable.

Affirmed.

NESS, GREGORY and HARWELL, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.